# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>ROGER EDWARD GILES<br><br>*Defendant(s)* | Case No.<br>5:25-mj-1162-PRL |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __April 16, 2025__ in the county of __Marion__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 751(a) | Escape from Federal Custody |

This criminal complaint is based on these facts:

See attached affidavit

☑ Continued on the attached sheet.

*Frank Tallini*
Complainant's signature

Frank Tallini, Deputy United States Marshal
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: August 20, 2025

*T. Lammens*
Judge's signature

City and state: Ocala, Florida

Philip R. Lammens, United States Magistrate Judge
Printed name and title

STATE OF FLORIDA                                    CASE NO.  5:25-mj-1162-PRL

COUNTY OF MARION

## AFFIDAVIT IN SUPPORT OF THE
## ISSUANCE OF A CRIMINAL COMPLAINT

I, Deputy United States Marshal Frank Tallini, having been duly sworn, hereby make the following statement in support of the attached criminal complaint:

1. I am a Deputy United States Marshal (DUSM) for the Middle District of Florida, Ocala Division. I have been a DUSM since 2010. My official duties and responsibilities include judicial security, witness security, prisoner operations, and fugitive operations. My duties involving prisoners and fugitives include the investigation of prisoner escapes pursuant to Title 18, United States Code, Section 751(a), including those escapes involving the failure of a prisoner to return or remain within the limits of his or her confinement, or to return to an institution or facility, as provided under Title 18, United States Code, Section 4082(a).

2. The information set forth in this affidavit is based on my investigation, information obtained from other law enforcement officers and agents with personal knowledge of the facts, and information obtained from government databases and records.

3. This affidavit is submitted in support of an application for the issuance of a criminal complaint charging ROGER EDWARD GILES with violating 18 U.S.C. § 751(a) (Escape from Federal Custody). Specifically, § 751(a) prohibits the escape of a person from the "custody of the Attorney General or his authorized representative, or

from any institution or facility in which he is confined by direction of the Attorney General, or from any custody under or by virtue of any process issued under the laws of the United States by any court, judge, or magistrate judge, or from the custody of an officer or employee of the United States pursuant to lawful arrest." 18 U.S.C. § 751(a).

4. Because this affidavit is submitted for the limited purpose of obtaining a criminal complaint, I have not included each and every fact known to me relating to the underlying investigation. Rather, I have set forth only the facts that I believe are necessary to support probable cause for the issuance of a criminal complaint charging GILES with the above-described criminal offense.

## PROBABLE CAUSE

5. Court records from the Northern District of Florida show that on or about June 20, 2013, GILES was convicted of one count of Armed Bank Robbery, in violation of 18 U.S.C. §§ 2113(a) and (d) (Count One); and one count of Using and Carrying a Firearm During a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and (c)(1)(A)(ii) (Count Two). *See United States v. Roger Edward Giles*, Case No. 1:12-cr-33-MW-GRJ (N.D. Fla). GILES was sentenced to 108 months' imprisonment with a 5-year term of supervised release to follow.

6. On or about July 23, 2024, GILES was arrested for violating the terms of the supervised release imposed in the above-mentioned case. The violations included the unlawful possession of a controlled substance on three separate occasions. On or about September 18, 2024, GILES was adjudicated guilty of the violations and sentenced to 11 months' imprisonment.

7. GILES was committed to the custody of the Federal Bureau of Prisons ("BOP") and ultimately transferred to FCI Marianna, located in Tallahassee, Florida, to serve his sentence. BOP records show that on or about March 27, 2025, FCI Marianna BOP approved a transfer furlough for the purpose of transferring GILES on April 16, 2025, to a Residential Reentry Center ("RRC") in Ocala, Florida, to serve the remainder of his sentence.

8. On or about March 25, 2025, GILES signed a "Furlough Application—Approval and Record" setting forth the conditions of his transfer furlough. The Application lists the "Furlough Address" as "Ocala Residentl [sic] Reentry Center, 3838 NE 41st St., Ocala, FL 34479," and specifies that the "period of furlough is from 04/16/2025 [at] 8:30 to 04/16/2025 [at] 16:30." The Application also set forth the following "Travel Schedule":

> Depart ECI Marianna on 4/16/25 at 8:30 AM CST via staff escort (government vehicle) enroute to Greyhound Bus Station in Tallahassee, Florida. Depart bus station at 11:35 AM EST. Arrive at bus station in Gainesville, FL at 3:05 PM EST. Depart bus station enroute to RRC in Ocala, Florida. Arrive at RRC no later than 4:30 PM EST.

9. By signing the Application, GILES acknowledged the following:

> I understand that if approved, I am authorized to be only in the area of the destination shown above and at ordinary stopovers or points on a direct route to or from that destination. I understand that my furlough only extends the limits of my confinement and that I remain in the custody of the Attorney General of the United States. If I fail to remain within the extended limits of this confinement, it shall be deemed as escape from the custody of the Attorney General, punishable as provided in Section 751 of Title 18, United States Code. I understand that I may be thoroughly searched upon my return to the institution and that I will be held responsible for any item of contraband or illicit material that is found. I have read or had read to me, and I understand that the foregoing conditions govern my furlough, and will abide by them. I have read or had read to me, and

> I understand the CONDITIONS OF FURLOUGH as set forth on the reverse of this form.

10. The "Conditions of Furlough" form, also signed by GILES on or about March 25, 2025, again states that GILES understands and agrees to the conditions set out on the form. In relevant part, GILES acknowledged that while on furlough, he "remains in the legal custody of the U.S. Attorney General, in service of a term of imprisonment," that he "is subject to prosecution for escape if [he] fails to return to the institution at the designated time," and that he must not "leave the area of [his] furlough without permission, except for traveling to the furlough destination, and returning to the institution." He also agreed to "contact the halfway house and institution with any changes to travel schedule" and that "failure to do so could result in [GILES] being placed on escape status."

11. On or about April 16, 2025, GILES departed FCI Marianna as scheduled. The next day, RRC staff contacted FCI Marianna to report that GILES never arrived at the facility. According to RRC staff, GILES called them on April 16, 2025, at approximately 4:30 PM, and told them he was having issues getting a taxi. At this point, BOP issued a Notice of Escaped Federal Prisoner, containing GILES's personally identifying information, as well as the date, location, and circumstances of the escape.

12. GILES was not found until on or about July 4, 2025, almost three months after he escaped. On that day, Gainesville Police Department (GPD) officers responded to a call advising that a fugitive was living in the woods near NE 15th Street and NE 53rd Avenue in Gainesville, Florida. The caller identified the fugitive as Roger GILES.

Upon searching the area, GPD located and arrested GILES, who had approximately 1.6 grams of methamphetamine on his person.

13. GILES was booked into the Marion County Jail, where he is currently serving the remainder of his federal sentence. He is due to be released on August 21, 2025.

## CONCLUSION

14. Based on the foregoing, there is probable cause to believe that on or about April 16, 2025, Roger Edward GILES knowingly escaped from the custody of the Attorney General or his authorized representative, in violation of 18 U.S.C. § 751(a).

This concludes my affidavit.

*Frank Tallini*
_____
Frank Tallini
Deputy United States Marshal
United States Marshal Service

*Affidavit submitted to me by reliable electronic means and attested to me as true and accurate by telephone or other reliable electronic means consistent with Fed. R. Crim. P. 4.1 and 4(d) before me this* 20th *day of August 2025.*

_____
The Honorable Philip R. Lammens
United States Magistrate Judge